IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IVETTE FLORES SUAREZ ET AL
    Plaintiffs

v.

TURABO MEDICAL CENTER PARTNERSHIP
d/b/a HOSPITAL INTERAMERICANO DE
MEDICINA AVANZADA (HIMA)
    Defendant

Civil No. 99-1133(SEC/ADC)

## ORDER

Pursuant to 28 U.S.C. § 636(c) the parties have consented to final entry of judgment by a United States Magistrate Judge. *See also Local Rule 505(3)*. An Order of Reference was entered on March 10, 2000 (**Docket No. 20**). Several post trial motions have been filed by plaintiffs including requests for reinstatement by Ivette Flores-Suárez (**Docket Nos. 67, 78, 83, 85**) and entry or amendment of the judgment (**Docket Nos. 67, 74**).

I.    **PROCEDURAL BACKGROUND**

Plaintiffs Ivette Flores-Suárez ("Flores") and Luis Angel Correa ("Correa") filed suit on February 5, 1999, against the Hospital Interamericano de Mecidina Avanzada (HIMA) seeking equitable and injunctive relief and compensatory damages pursuant to federal and Puerto Rico laws (**Docket No. 1**). An amended complaint was filed on August 31, 2000 (**Docket No. 29**). The action alleged sexual discrimination pursuant to Title VII, the Pregnancy Discrimination Act, 42 U.S.C. §2000e *et seq.*, wrongful discharge pursuant to 29 L.P.R.A. §185a *et seq.*; discrimination due to pregnancy and tortuous infliction of emotional distress, pursuant to the Working Mother's Law, 29 L.P.R.A. 469 *et seq.*; retaliation for filing the instant action pursuant to 42 U.S.C. § 2000e-3; and, constructive discharge from employment in violation of Puerto Rico Law No. 115. The complaint also

sought damages pursuant to Seguro por Incapacidad No Ocupacional Temporal (SINOT), 11 L.P.R.A. § 201 *et seq.* and Art. 1802, 31 L.P.R.A. §5141.

The case proceeded to trial and on January 16, 2001, the jury rendered a verdict in favor of the plaintiffs and against the defendant on all claims **(Docket No. 70)**. More particularly, the jury awarded to Ivette Flores-Suárez $45,000 in back pay and $125,000 in compensatory damages for violations of the Pregnancy Discrimination Act and/or the Puerto Rico Working Mothers Protection Act; $75,000 in compensatory damages for retaliation in violation of the Pregnancy Discrimination Act and/or the Puerto Rico Working Mothers Protection Act; and, $125,000 in compensatory damages for constructive discharge in violation of the Pregnancy Discrimination Act and/or the Puerto Rico Working Mothers Protection Act; $125,000 in punitive damages. The jury also awarded Luis Angel Correa derivative damages of $75,000.

## II. ANALYSIS

### A. Reinstatement

Trial courts have discretion to fashion awards in Title VII cases so as to fully compensate a plaintiff in a manner that suits the specific facts of the case; this discretion includes the selection of elements which comprise a remedial recovery. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415-16 (1975). The remedial scheme in Title VII is designed to make a plaintiff who has been the victim of discrimination whole through the use of equitable remedies. *Selgas v. American Airlines, Inc.,* 104 F.3d 9, 12 (1st Cir. 1997) (citing *Albemarle,* 422 U.S. at 418). The remedies, one of which is reinstatement, are intended to compensate a plaintiff for the effects of the discrimination, both past and future, and to bring the plaintiff to the position which she would have occupied but for the illegal act(s).

*Selgas*, 104 F.3d at 12. "Under Title VII, the first choice is to reinstate the plaintiff at the original employer; this accomplishes the dual goals of providing full coverage for the plaintiff and of deterring such conduct by employers in the future." *Id.* (citing *Scarfo v. Cabletron Sys., Inc.*, 54 F.3d 931, 954 (1st Cir.1995)). Reinstatement, however, may not be immediately available as a remedy due to conditions at the employer that preclude a plaintiff's return to the workplace such as hostility of other employees or the need for an innocent employee to be "bumped" in order to reinstate the plaintiff. *Selgas*, 104 F.3d at 12.

Plaintiff Flores seeks immediate reinstatement to her position as a part-time regular laboratory technician employee in the Cardiovascular Non-Invasive Laboratory at HIMA. She made this request while in court, immediately following the jury verdict. At that time HIMA was asked by the Court what was its position on reinstatement and it responded by asking the Court for ten days to file a motion for judgment as a matter of law. The motion was filed by HIMA, but it did not address the reinstatement issue (**Docket No. 73**). Flores has since filed motions seeking reinstatement (**Docket Nos. 67, 78, 83, 85**). HIMA has not filed a response to those motions, objected in any fashion or requested a hearing on the matter. The subject has been raised by plaintiff at subsequent settlement conferences and an objection has not been voiced. HIMA states that it has not opposed said motions requesting reinstatement as their position is that if the verdict is sustained it will proceed automatically pursuant to applicable law (**Docket No. 84**, n.1).

The jury found that Flores was discharged as a result of her pregnancy in violation of the Pregnancy Discrimination Act and the Working Mothers Act. Due to a high risk pregnancy Flores could not work beyond October 27, 1997. Flores was notified by letter

dated February 27, 1998, that she was terminated effective October 10, 1997. She gave birth on May 28, 1998. She was reinstated at HIMA on March 20, 2000. Following her return the environment was intolerable, Flores claims she did not feel she was part of the group, and she was treated differently from other employees. The demands made upon her were greater than demands made upon other employees. Flores testified that she had to resign from the position as she could not bear the environment. At the time her lawsuit was pending and the jury determined that Flores was retaliated against for filing said lawsuit.

Despite the fact that Flores had difficulties during her employment with HIMA while her lawsuit was pending, she seeks to resume her employment there. In light of the circumstances, particularly since HIMA makes no objection to reinstatement, the Court finds there are no exceptional circumstances present in this matter which would preclude an order of reinstatement. *See Morgan v. Arkansas Gazette*, 897 F.2d 945, 953 (8th Cir.1990).

Accordingly, this Court orders HIMA to reinstate Flores as a part-time regular laboratory technician employee in the Cardiovascular Non-Invasive Laboratory at HIMA within twenty-one (21) days of the date of this Order. HIMA is further ordered to pay Flores a salary comparable to what she would have been earning had she remained employed with HIMA, including all anticipated annual raises which Flores would have received. Therefore, the motions for reinstatement (**Docket Nos. 67, 78, 83, 85**) are **GRANTED**.

### B. Judgment

Plaintiffs also move for entry of judgment and to alter or amend the judgment (**Docket Nos. 67, 74**). More particularly, plaintiffs seek to have the jury award of $370,000

Civil No. 99-1133(SEC/ADC)                                                                                          Page No. 5

for compensatory damages and back pay doubled pursuant to Puerto Rico Law, as well as to add $1.00 in nominal damages. Defendant opposes the first of these two motions (**Docket No. 79**).

Should the Court amend the verdict as requested by plaintiffs, the judgment will total $740,000 plus $125,000 in punitive damages plus $75,000 for co-plaintiff Correa and $1.00 in nominal damages for a total of $940,001. Based upon the following analysis, the motion to amend the judgment is **GRANTED**.

The jury found in favor of the plaintiffs with the verdict form providing as follows:

### D. COMPENSATORY DAMAGES (CONTRACT TERMINATION: 1998)

#### QUESTION NO. 5

What is the amount of damages suffered by Ivette Flores as a proximate result of HIMA's violation of her rights under the Pregnancy Discrimination Act and/or the Puerto Rico Working Mothers Protection Act?

| | |
|---|---|
| BACK PAY | $ 45,000 |
| COMPENSATORY DAMAGES | $125,000 |

### G. COMPENSATORY DAMAGES (MARCH 20, 2000 TO AUGUST 21, 2000)

#### QUESTION NO.8

What is the amount of damages suffered by Ivette Flores as a proximate result of HIMA's retaliation against her in violation of the Pregnancy Discrimination Act and/or Puerto Rico Law No. 115 of December 20, 1991 during the period from March 20, 2000

| | |
|---|---|
| COMPENSATORY DAMAGES | $ 75,000 |

J. **COMPENSATORY DAMAGES (AFTER AUGUST 21, 2000 TO THE PRESENT)**

### QUESTION NO. 11

What is the amount of damages suffered by Ivette Flores as a proximate result of HIMA's constructive discharge in violation of the Pregnancy Discrimination Act and/or Puerto Rico Law No. 115 of December 20, 1991 during the period from August 21, 2000 to the present?

COMPENSATORY DAMAGES                    $125,000

K. **PUNITIVE DAMAGES**

### QUESTION NO. 13

What is the amount of punitive damages that would serve to punish HIMA for its unlawful conduct and to set an example for other employers not to engage in the same type of discriminatory conduct?

$125,000

**(Docket No. 70.)**

Plaintiffs ask the Court to double the compensatory damages awarded by the jury as they are subject to the mandatory doubling as provided in 29 L.P.R.A. §§ 194a(b) and 469. Both sections provide that an employer who incurs civil liability shall pay a sum equal to double the amount of damages caused to the workers. Therefore, plaintiffs argue the sum of $370,000 should be doubled to $740,000 and the judgment should reflect this amount.

Defendant objects, arguing that doubling the damages award applies <u>only</u> under Puerto Rico law. It is defendant's contention that since the verdict form awards damages for violations of both federal law and Puerto Rico law as an "and/or," how much the jury awarded for the state law violation is purely subjective as same was not itemized in the

verdict form. Defendant asserts that "[a]ny intent by the parties or the Court to make this determination would second guess [sic] the jury in the prerogative of their duty" (**Docket No. 79, ¶ 5**). Defendant argues that a doubling of the amount is not feasible and unwarranted by law. Alternatively, defendant asks for a new trial in this matter. Defendant also contends that because the jury awarded punitive damages, any doubling of the compensatory damages represents a triple penalty to the defendant. Finally, defendant asserts that the compensatory and punitive damages are capped at $300,000 pursuant to Title VII and as such a remittitur is necessary. See 42 U.S.C. § 1981a(b)(D).

In the case at bar the jury verdict form allowed the jury to determine separately HIMA's liability under both federal law and Puerto Rico law. The verdict form provided further that the damages be awarded jointly with no allocation between federal law and Puerto Rico laws. HIMA acknowledged that its opposition is not necessarily to the jury verdict form as tendered to the jury (**Docket No. 84, para. 7**). Indeed, there was no objection by HIMA to the verdict form which was agreed to by the parties.

The verdict form seeks to redress all damages sustained by Flores as a result of the actions taken by HIMA, without distinguishing between the legal source be it federal or Puerto Rico law. Accordingly, Flores is entitled to a doubling of the jury's damages award pursuant to established Puerto Rico law. See *Marcano-Rivera v. Pueblo Int'l, Inc.*, 232 F.3d 245, 253 (1st Cir. 2000). More as, once a jury has completed its task of determining damages, "the court then must follow statutory edict and ensure that the judgment awards the prevailing party twice the sum calculated by the jury." *Campos-Orrego v. Rivera*, 175 F.3d 89, 96 (1st Cir. 1999). In this case, the damages awarded in Question Nos. 5, 8 and 11

Civil No. 99-1133(SEC/ADC)                                                                                          Page No. 8

of the jury verdict form total $370,000, and they shall be doubled to $740,000 pursuant to the statutory provisions of Puerto Rico law, 29 L.P.R.A. §§ 194a(b) and 469.

HIMA also argues that Title VII caps any award to Flores at $300,000 and as a result the Court must reduce the awards for punitive and compensatory damages to that amount. Title 42 U.S.C. § 1981a(3) provides that the sum of amount of compensatory damages awarded for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages shall not exceed $300,000 for a respondent who has more than 500 employees. . . . 42 U.S.C. § 1981a(3). Compensatory damages does not include back pay, interest on back pay, or any other type of relief. . . . 42 U.S.C. § 1981a(b)(2).

The jury awarded $125,000 in compensatory damages under Question Five, $75,000 in compensatory damages under Question Eight, and $125,000 in compensatory damages under Question Eleven all for violations of the Pregnancy Discrimination Act and/or the Puerto Rico Working Mothers Protection Act (**Docket No. 70**). The jury also awarded $125,000 in punitive damages which combined with the aforementioned award totals $450,000. While this amount does exceed the $300,000 statutory cap, HIMA encounters the same barriers as with the doubling of the award. With the exception of the punitive damage award, the jury verdict form requires that the damages be awarded jointly with no allocation between federal and Puerto Rico law. As there is no statutory cap for damages under 29 L.P.R.A. §§194a(b) and 469, the Court is not statutorily pursuant to Puerto Rico law to reduce the award inasmuch as the award was not allocated between federal and Puerto Rico law. Additionally, nothing has been provided to the Court to suggest that the jury intended for a certain percentage of the verdict to be awarded solely

| Civil No. 99-1133(SEC/ADC) | Page No. 9 |
|---|---|

due to Title VII violations as opposed to violations of Puerto Rico law. As previously mentioned, HIMA did not object to the verdict form and as a result has waived any objections to the same. "Silence after instructions, including instructions on the form of the verdict to be returned by the jury, typically constitutes a waiver of any objections." *Putnam Res. v. Pateman*, 958 F.2d 448, 456 (1st Cir. 1992).

One last issue to address is plaintiffs' request that the Court amend the judgment to reflect an additur of $1.00 as nominal damages to sustain the award of punitive damages awarded pursuant to the Pregnancy Discrimination Act. Plaintiffs advise and defendant acknowledges that an agreement was reached that if the jury awarded punitive damages, an additur of $1.00 in nominal damages would be awarded by the Court. The additur of one dollar was stipulated by the parties so that it would be unnecessary to submit a jury instruction to the effect that nominal damages must be awarded in order to sustain a punitive damage award. The Court approved the agreement. As evidenced above, the jury awarded $125,000 in punitive damages.

The jury was instructed on punitive damages and the plaintiffs made a timely request for nominal damages, with no objection from HIMA. See *Campos-Orrego v. Rivera*, 175 F.3d 89, 99 (1st Cir. 1999); *Selgas v. American Airlines*, 69 F.3d 1205, 1214-15 (1st Cir. 1995). As the First Circuit has stated, "a plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the court for nominal damages on the occasion of, or immediately after, the return of the verdict." *Campos-Orrego*, 175 F.3d at 99. Here, <u>upon agreement</u>, the jury was not charged on nominal damages, <u>and</u> plaintiffs made a prompt request for same. Accordingly, plaintiffs' motion for an additur of $1.00 is granted.

The Clerk of the Court is instructed to enter an amended judgment in conformance with this order as follows:

### D. COMPENSATORY DAMAGES (CONTRACT TERMINATION: 1998)

#### QUESTION NO. 5

What is the amount of damages suffered by Ivette Flores as a proximate result of HIMA's violation of her rights under the Pregnancy Discrimination Act and/or the Puerto Rico Working Mothers Protection Act?

| | |
|---|---|
| BACK PAY | $ 45,000 |
| COMPENSATORY DAMAGES | $125,000 |
| $170,000 multiplied by 2 = | $340,000 |

### G. COMPENSATORY DAMAGES (MARCH 20, 2000 TO AUGUST 21, 2000)

#### QUESTION NO.8

What is the amount of damages suffered by Ivette Flores as a proximate result of HIMA's retaliation against her in violation of the Pregnancy Discrimination Act and/or Puerto Rico Law No. 115 of December 20, 1991 during the period from March 20, 2000

COMPENSATORY DAMAGES    $ 75,000 multiplied by 2 = $150,000

### J. COMPENSATORY DAMAGES (AFTER AUGUST 21, 2000 TO THE PRESENT)

#### QUESTION NO. 11

What is the amount of damages suffered by Ivette Flares as a proximate result of HIMA's constructive discharge in violation of the Pregnancy Discrimination Act and/or Puerto Rico Law No. 115 of December 20, 1991 during the period from August 21, 2000 to the present?

COMPENSATORY DAMAGES    $125,000 multiplied by 2 = $250,000

### K. PUNITIVE DAMAGES

#### QUESTION NO. 13

Plaintiff is awarded nominal damages of  $1.00

What is the amount of punitive damages that would serve to punish HIMA for its unlawful conduct and to set an example for other employers not to engage in the same type of discriminatory conduct?

$125,000

### M. DERIVATIVE ACTION OF HUSBAND

#### QUESTION NO. 15

What is the amount of damages suffered by Luis Angel Correa as a proximate result of HIMA's discrimination against his wife, Ivette Flores?

$ 75,000

TOTAL AMOUNT AWARDED PLAINTIFFS     $940,001

## III. CONCLUSION

IT IS THEREFORE ORDERED, based on the foregoing, that the plaintiffs' motions for reinstatement and amendment to the verdict (Docket Nos. 67, 74, 78, 83, 85) be GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on this 31st day of August, 2001.

AIDA M. DELGADO-COLON
U.S. Magistrate-Judge

s/cs:to ( 4 )
attys/pts
in ICMS

SEP 1 2 2001